# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**PEDRO SANTIAGO,**

        **Plaintiff,**

**-vs-**           **Case No. 6:05-cv-910-Orl-KRS**

**COMMISSIONER OF SOCIAL SECURITY,**

        **Defendant.**

## ORDER

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** **AMENDED UNCONTESTED PETITION FOR AWARD OF ATTORNEY'S FEES, EXPENSES AND COSTS PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT 28 U.S.C. § 2412 (Doc. No. 18)**
>
> **FILED:** **June 5, 2006**
>
> **THEREON** it is **ORDERED** that the motion is **DENIED**.

By the present motion, Plaintiff Pedro Santiago seeks to recover attorney's fees and other expenses and costs he incurred in this case pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 ("EAJA"). The Court entered a final judgment in this case on February 23, 2006, and, therefore, the deadline for Santiago to file his petition was originally May 24, 2006. *See Johnson v. Apfel*, No. Civ. A. 00-0086-P-C, 2001 WL 303296, at *1 (S.D. Ala. Mar. 14, 2001).

Santiago did file a petition for fees, expenses, and costs under the EAJA on May 24, 2006. Doc. No. 14. However, I denied that petition, without prejudice, for failure to comply with Middle District of Florida Local rule 3.01(g). Doc. No. 17. I advised Santiago that he would be permitted to "resubmit his petition with a proper 3.01(g) certification **on or before May 31, 2006.**" *Id*. (emphasis original).

A claimant's failure to file a timely EAJA application precludes a district court from considering the merits of the application. *Myers v. Sullivan*, 916 F.2d 659, 666 (11th Cir. 1990). Though Congress did not intend for the deadlines imposed by the EAJA to be traps for the unwary, this Court has no jurisdiction to consider late-filed fee applications. *Id.* at 668-69; *United States v. J.H.T., Inc.*, 872 F.2d 373, 376 (11th Cir. 1989); *see also Hill v. Apfel*, No. CIV. A. 980241-AH-S, 2000 WL 718810, at *2 (S.D. Ala. May 10, 2000) (denying EAJA fee petition because it was filed thirty-one days late, thereby precluding the court's jurisdiction to consider it).

My order of May, 25, 2006, doc. no. 17, made clear that in order to receive fees pursuant to the EAJA, Santiago needed to file an appropriate motion "on or before May 31, 2006." Because Santiago failed to do this, the present motion is due to be denied as untimely.

**DONE** and **ORDERED** in Orlando, Florida on June 6, 2006.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties